UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL OTERO CAZARES,<br>　　Petitioner,<br><br>　　　　v.<br><br>WARDEN BROCHU,<br>　　Respondent. | CV 18-1191 DSF (MAA)<br><br>ORDER ACCEPTING AMENDED REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY |

　　On November 3, 2021, the assigned Magistrate Judge issued a Report and Recommendation recommending the Court deny the 28 U.S.C. § 2254 habeas petition in this case challenging Petitioner's state-court conviction for raping a 68-year-old woman, referred to as Doe. (Dkts. 1, 81). Counsel filed objections contending, in part, that Petitioner had in fact raised other claims that were not addressed in the Report. (Dkt. 87; Dkt. 95 at 4). The magistrate judge withdrew the initial Report and filed an Amended Report and Recommendation on March 14, 2023, addressing the additional claims. (Dkts. 82, 95). Counsel filed objections to the Amended Report. (Dkt. 99). Respondent replied. (Dkt. 104).

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, Answer, Traverse, the Amended Report, Petitioner's Objections, Respondent's Reply to Objections, and other relevant records on file. The Court has engaged in a <u>de novo</u> review of those portions of the Amended Report to which Petitioner has objected: the Report's quotation of the state appellate court's factual summary and eight of

the forty-one claims addressed in the Amended Report. See Thomas v. Arn, 474 U.S. 140, 149 (1985) ("The statute [pertaining to objections review] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."). Although not required, the Court briefly discusses why Petitioner's Objections are not persuasive. See United States v. Ramos, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); Wang v. Masaitis, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

Preliminarily, the Court notes that for Petitioner to prevail he must establish prejudice. As summarized in the Amended Report, Doe consistently testified that Petitioner pushed her onto a bed and pinned her down, that she tried to hit him, and "she told Petitioner to '[g]et off of me' and '[d]on't do this'; that she 'kept trying to hit him'; and that she threatened to report him." (Dkt. 95 at 47, 56 (record citations omitted)). Doe's testimony was corroborated by pretext calls set up by officers and physical evidence: "In the pretext calls, Petitioner acknowledged Doe had said 'no' before sex earlier that day; acknowledged he had sustained scratches and bite marks; and called the encounter 'payback' because if 'you kick a dog enough fuckin' times, it's gonna bite you.' The physical evidence showed abrasions and blood in Doe's genital area; bruising on her buttocks; and makeup stains on her blouse, as if the blouse had been removed forcefully." (Id. at 27 (record citations omitted)). In the Objections, Petitioner never effectively rebuts the Amended Report's conclusions that he fails to establish prejudice. That is fatal to his Petition and the Objections. See Brecht v. Abrahamson, 507 U.S. 619, 623, 637 (1993); Strickland v. Washington, 466 U.S. 668, 687 (1984).

Petitioner first objects on the ground that, contrary to the statement in the Amended Report that the "factual summary from a state appellate court's opinion is entitled to a presumption of correctness" and that "Petitioner does not challenge the . . . factual summary set out" in that decision," Petitioner did challenge the factual summary of

2

California Court of Appeal's opinion. (Dkt. 99 at 7 (citing Dkt. 95 at 4-5). As examples, Petitioner refers to Ground 25, where he alleged there was insufficient evidence to support his rape conviction, and other areas where he argued that the state courts unreasonably determined the facts. (Dkt. 99 at 7 (citing Dkt. 79 at 42-47, 50-51)). However, it is apparent from a fair reading of the Amended Report that the state appellate court's factual summary was relied on merely as a background summary of the evidence, which included Petitioner's own testimony that he did not rape Doe. Moreover, when the Amended Report addressed claims where Petitioner disputed the facts, such as the sufficiency of the evidence, the Amended Report examined and cited to the transcript of proceedings instead of relying on the appellate court's summary. (See Dkt. 95 at 44-45, 47-48). Indeed, regarding Petitioner's sufficiency-of-the-evidence claim, the Amended Report could do only that; as Respondent notes (Dkt. 104 at 6-7, 9-10), the claim was raised in state habeas proceedings where no factual summary was provided by the state courts denying relief, not on direct review where the appellate court's factual summary may have applied. Petitioner's objection is overruled.

Petitioner next objects to the Amended Report's conclusion that he is not entitled to relief on Ground One, and related Ground Twenty, which challenge the trial court's exercise of its discretion pursuant to California Evidence Code section 352 to exclude a videotape showing Petitioner and Doe having consensual sex in 1999 that he offered to support his defense that he reasonably believed Doe consented to sex when the rape occurred in 2014. (Dkt. 99 at 8-11, 16-20). The Amended Report concluded that the video tape was irrelevant as it depicted an encounter fifteen years before the incident in this case and thus Petitioner had no constitutional right to present it, that any error was harmless, and, regarding Ground Twenty, that Petitioner's claim was not based on any clearly established federal law. (Id. at 18-20, 39-42). The Court has reviewed the videotape, accepts the Amended

Report's findings and conclusions regarding Grounds One and Twenty and overrules the objection.[1]

Petitioner objects to the Amended Report's conclusion that he is not entitled to relief on Ground Four and overlapping Ground Thirty-Five, regarding counsel's alleged ineffectiveness for failing to investigate the victim's history of mental and physical ailments and present that as a defense or show her account of the rape was unreliable and false. (Dkt. 99 at 11-13, 22). The Amended Report rejected these claims because Petitioner had offered no credible evidence that counsel had the ability to show Doe had any ailments that would have caused her to make false accusations, and thus counsel had not performed deficiently, and for other reasons. (Dkt. 95 at 23-24, 56). The Court accepts the Amended Report's findings and conclusions regarding these grounds and overrules the objection.

Petitioner objects to the Amended Report's conclusion that he is not entitled to relief on Ground Six, alleging that counsel was ineffective by failing to obtain and show Petitioner copies of bank checks, from several years before trial, that the prosecutor had used for impeachment. (Dkt. 99 at 13-16). The Amended Report rejected Petitioner's claim because he failed to show counsel was deficient or that there was prejudice. (Dkt. 95 at 25-27). Specifically, relying on the evidence already discussed above, the Amended Report found that "even if trial counsel had prevented the impeachment of Petitioner with the cancelled rent checks, it is not reasonably probable that the trial outcome would have been different." (Id. at 27 (citing Strickland, 466 U.S. at 695).) The Court accepts the Amended Report's findings and conclusions regarding this ground and overrules the objection.

---

[1] As the magistrate judge relied on a review of the record and an analysis of federal law concerning the admission of evidence in finding there was no constitutional violation and concurring with the analysis of the trial judge, the Court need not address the meaning of her citation to DePetris v. Kuykendall, 239 F.3d 1057 (9th Cir. 20021).

Petitioner objects to the Amended Report's conclusion that he is not entitled to relief on Ground Twenty-Four, alleging that the admission of an uncharged gun offense violated his rights. (Dkt. 99 at 21). The Amended Report rejected the claim because no clearly established federal law precludes the admission of evidence of a defendant's prior bad acts as a violation of federal due process, and no clearly established federal law precludes the admission of allegedly irrelevant or overtly prejudicial evidence. (Dkt. 95 at 44-45 (citing Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991), Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009)). Although Petitioner complains that the Amended Report did not address his argument that the state courts' exclusion of the evidence involved an unreasonable determination of the facts, as Respondent notes, Petitioner asserted that argument for the first time in the Traverse (Dkt. 104 at 20-21). See, e.g., Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."). But even if the Amended Report should have considered the issue, Petitioner has, again for the reasons stated above, failed to establish prejudice. That is, he has failed to show that any error regarding the uncharged gun offense had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 623, 637 (internal quotation marks and citation omitted). The Court accepts the Amended Report's findings and conclusions regarding this ground and overrules the objection.

Petitioner minimally objects to the Amended Report's conclusion that he is not entitled to relief on Ground Twenty-Five, challenging the sufficiency of the evidence. (Dkt. 99 at 21). Specifically, Petitioner alleges the Amended Report states that "Doe's testimony was consistent with the pretext calls and the physical evidence" but in two taped pretext calls, Petitioner "denied raping Doe." (Id. at 21 (citing Dkt. 95 at 47)). The Amended Report properly found Doe's testimony was consistent with the pretext calls. (Dkt. 95 at 47.) As mentioned above and discussed in the Amended Report, during the calls Petitioner acknowledged Doe had said "no" before they had sex; he acknowledged she had scratched and bitten him; and he called the encounter

5

"payback" because if "you kick a dog enough fuckin' times, it's gonna bite you." (Id. (record citations omitted)). Those statements were consistent with Doe's account of what happened. To the extent other aspects of the calls were inconsistent, that was a matter for the jury to resolve, but in no way detracts from the Amended Report's conclusion of overall consistency. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (it is within the province of the jury "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences"). The Court accepts the entirety of the Amended Report's findings and conclusions regarding this ground and overrules the objection.

Finally, Petitioner objects to the Amended Report's conclusion that he is not entitled to relief on Ground Forty-One, his claim of cumulative error. (Dkt. 99 at 22). The Report rejected Petitioner's claim because "none of Petitioner's claims rise to the level of constitutional error, there is nothing to accumulate to the level of a constitutional violation." (Dkt. 95 at 63 (internal quotation mark, citations, and alteration omitted)). The Court accepts the Amended Report's findings and conclusions regarding this ground, and thus overrules the objection.

The Objections are overruled. The Court accepts the Amended Report and adopts it as its own findings and conclusions. Judgment will be entered DENYING the Petition and request for an evidentiary hearing and DISMISSING this action with prejudice.

Further, for the reasons stated in the Amended Report and in this Order, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Date: September 25, 2023

Dale S. Fischer
United States District Judge